IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROGER LEE SHIFFLETTE         *

    Plaintiff          *

    v.                 *     Civil Action No. DKC-18-2074

JOSEPH B. ANZALONE           *

    Defendant          *
                                       ***

**MEMORANDUM OPINION**

In response to this civil rights claim filed by self-represented Plaintiff Roger Lee Shifflette, Defendant Joseph B. Anzalone moves to dismiss the complaint because it fails to state a claim and is time-barred. ECF No. 12. Plaintiff opposes the motion. ECF No. 17. No hearing is necessary to address the matters pending. *See* Local Rule 105.6 (D. Md. 2018). For the reasons that follow, Defendant's motion will be denied.

**Background**

Plaintiff filed this civil rights complaint on July 9, 2018, asserting that he was released from "Baltimore Co. Detention Center Medical Dept. on August 28, 2008 without much required Psychotropic Anti-Psychotic Medications." ECF No. 1 at p. 2. As a result, Plaintiff claims that he suffered severe withdrawal symptoms that included "erratic behavior" that led to his arrest and his present incarceration.[1] *Id.* According to Plaintiff, Joseph B. Anzalone, who is the only named Defendant, was "the lead/head Medical Liaison" for the Baltimore County Detention Center Medical Department. *Id.*

---

[1] Mr. Shifflette is currently incarcerated at Jessup Correctional Institution in Jessup, Maryland under the name Roger L. Shifflett. *See* http://dpscs.maryland.gov/inmate/search.do?searchType=detail&id=176747733 (last visited July 26, 2019). The Clerk will be directed to add the name under which Plaintiff is incarcerated as an alias on the docket.

As relief, Plaintiff seeks nine-million dollars in monetary damages for "medical negligence" committed by the Medical Department to compensate him for nine years of incarceration. *Id*. at p. 3.

**Standard of Review**

In reviewing the complaint in light of a motion to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6) the court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

The Supreme Court of the United States explained a "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss. *Id.* at 555. Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 563. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

"[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563 (citing *Sanjuan v. Am. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d, 247, 251 (7th Cir. 1994)) (once a claim for relief has been stated, a plaintiff 'receives the benefit of imagination, so long as the hypotheses are consistent with the complaint').

The statute of limitations is an affirmative defense that must be raised by a defendant, who also has the burden of establishing the defense. Fed.R.Civ.P. 8(c), *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). Moreover,

> It follows, therefore, that a motion to dismiss filed under Federal Rule of Procedure 12(b)(6), which tests the sufficiency of the complaint, generally cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred. But in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6). This principle only applies, however, if all facts necessary to the affirmative defense "clearly appear[ ] on the face of the complaint." *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir.1993) (emphasis added); *accord Desser v. Woods*, 266 Md. 696, 296 A.2d 586, 591 (1972).

*Id.*

## Analysis

Defendant primarily asserts that the complaint must be dismissed because it is time-barred. ECF No. 12. "Section 1983 provides a federal cause of action, but in several respects relevant here, federal law looks to the law of the State in which the cause of action arose. This is so for the

3

length of the statute of limitations: it is that which the State provides for personal-injury torts." *Wallace v. Kato*, 549 U.S. 384, 387 (2007) (citing *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). In Maryland, the applicable statute of limitations is three years from the date of the occurrence. *See* Md. Code Ann.*,* Cts. & Jud. Proc. § 5-101. The three-year statute of limitations may be tolled for equitable reasons, but only in "those rare instances where, due to circumstances external to the party's own conduct, it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc), citing *Harris v. Hutcherson*, 209 F.3d 325, 330 (4th Cir. 2000). Equitable tolling is unavailable to a plaintiff who has not been diligent in protecting his or her rights; rather, the plaintiff must establish that he or she has been prevented from asserting those rights. *See Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 555 (1974). Mental incompetence is a recognized basis for tolling of the statute of limitations in Maryland. *See Webb v. United States*, 66 F.3d 691, 703 (4th Cir. 1995) ("Mental incompetency is one of the fundamental equitable reasons for tolling a statute of limitations.").

Where, as here, the affirmative defense of the statute of limitations is raised in a Motion to Dismiss, the factual basis for dismissal must appear on the face of the complaint. While the passage of time is clear from the allegations raised by Plaintiff, the absence of a basis for equitable tolling is not. Although Plaintiff refers to summary judgment in his opposition, Defendant only filed a motion to dismiss, and thus Plaintiff was not obligated to come forward with some evidence or basis for finding that the statute of limitations should be tolled. In the current procedural posture of this case, dismissal is unwarranted on the basis of the statute of limitations.

While thin, the allegations in the complaint are sufficient to allege a denial of adequate medical care by Defendant when Plaintiff was released without proper medication.

## Conclusion

By separate Order which follows, Defendant's motion to dismiss will be DENIED and Defendant will answer or otherwise respond to the complaint within 28 days of the date of the Order.

July 31, 2019

/s/
DEBORAH K. CHASANOW
United States District Judge