IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROGER LEE SHIFFLETTE        *

    Plaintiff        *

    v.        *        Civil Action No. DKC-18-2074

JOSEPH B. ANZALONE        *

    Defendant        *
        ***

## MEMORANDUM OPINION

Defendant Joseph B. Anzalone movedd for dismissal or summary judgment in response to the above-entitled civil rights complaint against him. ECF No. 26. Plaintiff Roger Lee Shifflette opposed the motion via a self-styled "motion for dismissal or in the alternative, for summary judgment." ECF No. 31. Defendant opposes Plaintiff's "motion" (ECF No. 32) and Plaintiff filed a "rebuttal of Defendant's opposition motion" (ECF No. 33). The papers filed by the parties, together with the exhibits presented in support, are considered herein. No hearing is required to resolve the matters pending. *See* Local Rule 105.6 (D. Md. 2018). For the reasons that follow, Defendant's motion, construed as a motion for summary judgment,[1] will be granted and Plaintiff's motion denied.

## Background

This complaint, filed on July 9, 2018, concerns Plaintiff's claim that he was released from the "Baltimore County Detention Center Medical Dept. on August 28, 2008 without much required Psychotropic Anti-Psychotic Medications." ECF No. 1 at 2. As a result, Plaintiff claims that he

---

[1] Defendant's dispositive submission will be treated as a motion for summary judgment under Fed. Rule of Civ. Proc. 56 because materials outside the original pleadings have been considered. *See Bosiger v. U.S. Airway*s, 510 F.3d 442, 450 (4th Cir. 2007).

suffered severe withdrawal symptoms that included "erratic behavior" that led to his arrest and his present incarceration. *Id*. According to Plaintiff, Joseph B. Anzalone, who is the only named Defendant, was "the lead/head Medical Liaison" for the Baltimore County Detention Center Medical Department. *Id*.

As relief, Plaintiff seeks nine-million dollars in monetary damages for "medical negligence" committed by the Medical Department to compensate him for nine years of incarceration. *Id*. at 3.

Defendant initially filed a motion to dismiss, seeking dismissal of the complaint on the basis that it was filed outside of the applicable statute of limitations. ECF No. 12. This court denied the motion, noting that "[t]he statute of limitations is an affirmative defense that must be raised by a defendant, who also has the burden of establishing the defense." ECF No. 18 at 3, citing Fed.R.Civ.P. 8(c), *Goodman v. Praxair, Inc*., 494 F.3d 458, 464 (4th Cir. 2007). This court further reasoned that:

> Where, as here, the affirmative defense of the statute of limitations is raised in a motion to dismiss, the factual basis for dismissal must appear on the face of the complaint. While the passage of time is clear from the allegations raised by Plaintiff, the absence of a basis for equitable tolling is not. Although Plaintiff refers to summary judgment in his opposition, Defendant only filed a motion to dismiss, and thus Plaintiff was not obligated to come forward with some evidence or basis for finding that the statute of limitations should be tolled. In the current procedural posture of this case, dismissal is unwarranted on the basis of the statute of limitations.
>
> While thin, the allegations in the complaint are sufficient to allege a denial of adequate medical care by Defendant when Plaintiff was released without proper medication.

*Id*. at 4.

Defendant now presents his affidavit in support of the motion to dismiss or for summary judgment attesting that his employment as Medical Liaison with the Baltimore County Detention

Center did not include the practice of medicine; rather, his role was to resolve disputes concerning medical care and respond to complaints. ECF No. 26-2 at 2, ¶¶5, 7-9. As such, Mr. Anzalone asserts he is not responsible for the wrongful acts alleged by Plaintiff, *i.e.*, the failure to provide him with psychotropic medication when he was released from the detention center.

Additionally, Defendant states that he received a "BCDC Form 118" addressed to Director Debra Richardson from Plaintiff indicating that he did not receive his medication from the detention center on August 25, 2008, when he was released. ECF No. 26-2 at 2, ¶12. In her June 19, 2009 response, Ms. Richardson advised Plaintiff that she was "unable to determine the circumstances" of his release and that he could contact Defendant directly with any further concerns. *Id*. at ¶13, *see also* ECF No. 26-4 at 1 (Richardson's response).

When Plaintiff contacted Defendant directly about the circumstances of his release, Defendant replied that "[in] all honesty, I cannot figure out why you did not get your medications.[2] It appears that the LPN saw you when you left from processing last year and your medications were listed on your discharge papers but apparently, they were not given to you." ECF No. 26-2 at 3, ¶15, *see also* ECF No. 26-5 at 1 (Anzalone's response). Defendant's only involvement in the claim raised by Plaintiff was the investigation and response to the BCDC Form 118 sent directly to him. ECF No. 26-2 at 3, ¶¶14, 16.

Beginning November 21, 2013, Defendant began receiving "invoices" from Plaintiff demanding 20 million dollars in damages for medical negligence, medical malpractice, breach of public trust, and cruel and unusual punishment. ECF No. 26-2 at 3, ¶17, ECF No. 26-6 ("invoices"). Three such invoices were received; each was forwarded to the Baltimore County

---

[2] The medication listed on a document entitled "Baltimore County Detention Center Continuity of Care" is Thorazine. ECF No. 26-9. Thorazine is an antipsychotic agent used to treat symptomatic psychotic disorders. *See* https://www.drugs.com (last visited Nov. 4, 2019).

Office of Law.  ECF No. 26-2 at 3, ¶ 19.  As a follow-up to those invoices, Plaintiff sent a letter dated July 8, 2014, to Defendant indicating he had sent the "BILL/INVOICE" to Defendant and, in the absence of a response to make payment arrangements, Plaintiff intended to pursue a default judgment.[3]  ECF No. 26-7.

Defendant further relies on a July 14, 2009, letter prepared for the purpose of Plaintiff's criminal trial which reports the findings of psychiatric staff at Clifton T. Perkins Hospital Center who evaluated Plaintiff at the direction of the trial judge.  ECF No. 26-10.  That letter states that Plaintiff was competent to stand trial and that he was "criminally responsible."  *Id*.  Plaintiff appears to dispute the content of this letter and claims in his opposition that Dr. Barbara Tobin, a psychiatrist for the "Forensic . . . Department of the Baltimore County Court[s]" determined that he was "'Not Responsible' at the 'Time of Offense.'"  ECF No. 31-1 at 3.  Plaintiff does not provide a copy of a report or letter prepared by Dr. Tobin.  He further contends that he was never found criminally responsible on the record in open court "because the NCR Competency Exam was never completed 'in full' as is MANDATE (sic) by both State and Federal Criminal Procedure/Statutes."  *Id*.  He notes that he is "still trying to remedy" his "illegal/unlawful conviction."  *Id*. at 4.  Plaintiff suggests that the inclusion of the letter from Clifton T. Perkins Hospital staff finding him competent to stand trial is Defendant's attempt to mislead the court and claims he "never received a proper hearing in the matter" and only got a chance to review the report years later after obtaining private counsel.  *Id*.

Based on the evidence provided, Defendant asserts that Plaintiff cannot establish a basis for the mental incompetency tolling exception to Maryland's three-year statute of limitations for

---

[3]  The July 8, 2014, letter is signed "Without Prejudice UCC/1-308" and notes Plaintiff's name as:  "Aiden-Lee: Pizzica/Secured Party Agent for the 'Ens-legis/Entity in Fiction' that is known as ROGER LEE SHIFFLETTE."  ECF No. 26-7.

filing suit; the allegations raised in the complaint are insufficient to raise a claim that Defendant is responsible for Plaintiff's injury; and the facts as alleged fail to state a federal constitutional claim. ECF No. 26-1.

**Standard of Review**

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

**Analysis**

The undisputed facts are that Plaintiff was discharged from Baltimore County Detention Center on August 28, 2008, without a supply of Thorazine, in contravention of the detention center's directive. *See* ECF No. 31-1 at 1 (Plaintiff's opposition). Plaintiff's rebuttal to Defendant's opposition focuses solely on his argument that Defendant Anzalone is liable for his alleged injury because Anzalone was designated as the medical liaison for BCDC. ECF No. 33. Before the merits of his claim may be addressed, however, it must be determined whether the complaint was filed in a timely manner and, if it was not, whether there exists a viable exception to the applicable statute of limitations.[4]

Plaintiff filed his complaint pursuant to 42 U.S.C. § 1983. "Section 1983 provides a federal cause of action, but in several respects relevant here, federal law looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations: it is that which the State provides for personal-injury torts." *Wallace v. Kato*, 549 U.S. 384, 387 (2007) (citing *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). In Maryland, the applicable statute of limitations is three years from the date of the occurrence. *See* Md. Code Ann., Cts & Jud. Proc. § 5-101. The question of when a cause of action has accrued under § 1983 is a federal question. *See Nassim v. Md. House of Correction*, 64 F.3d 951, 955 (4th Cir. 1995)(en banc). The date of accrual occurs "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Id*.

The three-year statute of limitations may be tolled for equitable reasons, but only in "those rare instances where, due to circumstances external to the party's own conduct, it would be

---

[4] Plaintiff incorrectly states that the court found that the statute of limitations does not apply to his claim because he has or had mental health issues. ECF No. 31 at 1.

unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc), citing *Harris v. Hutcherson*, 209 F.3d 325, 330 (4th Cir. 2000). Equitable tolling is unavailable to a plaintiff who has not been diligent in protecting his or her rights; rather, the plaintiff must establish that he or she has been prevented from asserting those rights. *See Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 555 (1974). Under Maryland law, the statute of limitations is strictly construed. "Absent legislative creation of an exception to the statute of limitations, we will not allow any 'implied and equitable exception to be engrafted upon it.'" *Hecht v. Resolution Trust Corp.*, 333 Md. 324, 333 (1994), quoting *Booth Glass Co. v. Huntingfield Corp.*, 304 Md. 615, 653 (1985).

Maryland recognizes a tolling exception for mental incompetence. Md. Code Ann., Cts & Jud. Proc. § 5-201(a). "The disability of mental incompetence is 'not a medical term but an imprecise legal one,' so it is 'the inability of the person, by reason of the incompetence, to understand that he or she has a cause of action and to take the necessary steps to file the action' that is the concern." *Kratz ex rel. Kratz-Spera v. MedSource Cmty. Services, Inc.*, 228 Md. App. 476, 485 (2016) quoting *Buxton v. Buxton*, 363 Md. 634, 646-47 (2001). "[O]nce the limitations period begins to run, an intervening disability will not interrupt it." *Id*. at 484. The exception "serves to protect those who lack the mental capacity to comprehend and safeguard their legal rights." *Id*. "[O]ne of the purposes of barring claims instituted beyond the limitations period 'is to assure fairness to . . . potential defendant [s] by providing a certain degree of repose," and to provide these persons with "the ability to plan for the future without the uncertainty inherent in potential liability.'" *Poole v. Coakley & Williams Const., Inc*., 423 Md. 91, 133 (2011) quoting *Pierce v. Johns-Manville Sales Corp.*, 296 Md. 656, 665 (1983).

While Plaintiff disputes the validity of the July 14, 2009, Clifton T. Perkins Hospital letter stating that he was competent to stand trial and criminally responsible, he does not provide the court with evidence to support his bald assertion that it is invalid, nor does he forecast evidence to support a claim that he was not competent and entitled to an exception to the statute of limitations. ECF No. 31-1. Even if Plaintiff could present evidence that a different mental health professional concluded he was not competent to stand trial, the tolling exception does not automatically apply. There is ample evidence that Plaintiff had actual knowledge of the facts and circumstances that underlie his claim. *See Poffenbuerger v. Risser*, 290 Md. 631, 637 (1981) (defining actual knowledge as "awareness implied from knowledge of circumstances which ought to have put a person of ordinary prudence on inquiry.").

Plaintiff's multiple contacts with Defendant conveying his understanding of the facts underlying his claim; the earliest of which predates Deputy Director Richardson's June 19, 2009, memo directed to Plaintiff, are undisputed. *See* ECF No. 26-4. Plaintiff admits writing a June 16, 2009, inquiry to the Medical Department at the detention center "asking why he did not get his medication at the time of his discharge." ECF No. 31-1 at 2, ¶ 8. There is no evidence on this record to support a finding that Plaintiff was not competent at the time his asserted cause of action accrued. Further, Plaintiff's attempts to "bill" Defendant for damages, which began in 2013, is additional evidence that Plaintiff was well aware of his potential claim, but nonetheless failed to exercise due diligence to file this complaint within three years of even the most generous of operative dates for accrual of the cause of action. *See* ECF No. 26-6.

## Conclusion

The complaint has been filed outside of the applicable statute of limitations and Plaintiff has presented no evidence that the untimely filing is subject to equitable tolling or should otherwise

8

be considered timely through operation of a valid exception. Defendant's motion to dismiss or for summary judgment, construed as a motion for summary judgment, will be granted and judgment in favor of Defendant will be entered. To the extent that the Complaint could be construed as raising state law claims, the court declines to exercise supplemental jurisdiction. *See* 28 U.S.C. §1367(c)(3); *United Mine Workers v. Gibbs,* 383 U. S. 715, 726 (1966).

A separate Order follows.

February 11, 2020

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge